UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOUND AROUND, INC.<br><br>           *Plaintiff,*<br>v.<br><br>GLOBAL-PROTON LLC, STEVEN JOHNSON, HEATWAVE, LLC, AMAZON.COM, INC. JOHN DOE 1 and JOHN DOE 2.<br><br>           *Defendants*. | Civil Action No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT
OF NO PATENT INFRINGEMENT, AND FOR PATENT INVALIDITY
<u>AND UNFAIR COMPETITION UNDER THE U.S. LANHAM ACT</u>**

Plaintiff, Sound Around, Inc. ("Sound Around" or "Plaintiff"), through its counsel and for its complaint against Defendants GLOBAL-PROTON LLC ("GLOBAL"), STEVEN JOHNSON ("MR. JOHNSON"), HEATWAVE, LLC ("HEATWAVE"), AMAZON.COM, INC.("AMAZON"), JOHN DOE 1 and JOHN DOE 2, states as follows:

1.      This is an action for a Declaratory Judgment of no patent infringement under the U.S. Patent laws, 35 U.S.C. § 1 *et seq*.  Specifically, Sound Around seeks a Declaratory Judgment that its "SA Towel Warmers" product does not infringe upon U.S. Patent No. 8,481,895 ("the '895 Patent"), which has been asserted against Sound Around by Defendant Global to Amazon, and has caused Amazon to threaten Sound Around to delist the product from its ecommerce platform. Sound Around requests that the Court deem the patent to be invalid and/or unenforceable.

2. Sound Around also asserts that Defendants Global and Mr. Johnson (collectively, hereinafter, "the Global Defendants") committed acts of unfair competition, in violation of the U.S. Lanham Act, 15 U.S.C. § 1051 *et seq.*, by falsely stating to Amazon that Sound Around has infringed upon Global's '895 Patent that, in fact, was obtained through fraud and, therefore, is invalid and unenforceable. For the same conduct, Plaintiff asserts related claims under New York Law for tortious interference with an existing business relationship.

## THE PARTIES

3. Plaintiff, Sound Around is a New York corporation with an office in Kings County, New York, at 1600 63rd Street, Brooklyn, NY 11204. Sound Around is an importer and seller of high-end electronic products and other consumer goods.

4. Defendant Global Proton LLC (Global) has an address as noted below:

**Global Proton** LIMITED LIABILITY COMPANY CHINA,

100 N Ashley Dr., Suite 600 Tampa, Florida 33602.

5. Defendant Steven Johnson is an individual who has, on information and believe, a residence in Tampa Florida., and is the alter ego of Defendant Global.

6. Defendant Heatwave, LLC (Heatwave) has an address as noted below:

HEATWAVE, LLC LIMITED LIABILITY CORPORATION OHIO

812 HURON ROAD, SUITE 240, CLEVELAND, OHIO 44115.

7. Amazon.com, Inc. ("Amazon") is a Delaware corporation with a principal place of business at 410 Terry Ave N, Seattle, Washington 98109. Amazon is the world's largest ecommerce retailer.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to the Patent Act (35 U.S.C. § 1 *et seq.*), the Lanham Act (15 U.S.C. § 1051 *et seq.*), and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202). This Court has subject matter jurisdiction, *inter alia*, pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 *et seq.*

9. Venue in this judicial district is proper under 28 U.S.C. § 1391 in that Plaintiff resides in and/or conducts substantial business in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

10. This Court has personal jurisdiction over Defendants because the Global Defendants have committed acts without the state that have and are causing direct and immediate tortious injury to Sound Around in this district and because the Defendant Heatwave has directly and knowingly aided and abetted the conduct of the Global Defendants in active concert and participation with them, and because Amazon has offices and conducts regular business in this state and in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Defendants' wrongful acts and injury to Plaintiff occurred in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

11. As averred to in the attached Declaration of Sound Around's President Jerry Brach, Sound Around further alleges both on personal knowledge and belief as follows.

12. Sound Around is a New York corporation with an address at 1600 63rd Street, Brooklyn, New York 11204.

13. Founded over 40 years ago, Sound Around has been and is a leading importer and seller of high-quality electronics products, including, audio and video products, DJ equipment

and musical instruments, as well as houseware products, kitchen appliances, fitness equipment, toys, scooters, among others. Sound Around currently carries many different products.

14. Sound Around does not itself manufacture products. Instead, it purchases them and arranges for one of its brand names to be placed thereon. Sound Around's brand names include the following: PYRAMID, PYLE, LANZAR, SERENELIFE, NUTRICHE, and more than twenty (20) other famous brand names.

15. Sound Around markets and sells its products directly and through different online selling portals, for example through its own portal www.pyleusa.com and also through third party ecommerce portals such as Amazon, Walmart and eBay. At Amazon, Sound Around operates several "Amazon Stores" including the SereneLife store and NutriChef store.

16. One product that Sound Around has been selling at its Amazon, "SereneLife" store is a towel warmer called "The SA Towel Warmer," which is sold in several styles under different Amazon, so-called, ASIN numbers. The towel warmer product is intended to warm a towel while one is bathing or showering, and then allows the bather to dry herself with a luxuriously heated towel. This product is depicted in **Exhibit A** hereto.

17. In 2022, a China based entity named Keenray Innovations Limited (hereinafter, "Keenray") contacted Amazon and demanded that Amazon delist, i.e., cease offering, the SA Towel Warmer, listed under Amazon's ASIN number, B0961BDJPX.

18. Keenray alleged to Amazon that it owns U.S. Design Patent, D952,810 S (the '810 Patent) entitled a "Blanket Towel Warmer", and that the SA Towel Warmer infringes on its '810 Patent. In response, Amazon shut down sales of the SA Towel Warmer, without prior warning to Sound Around, warning Sound Around that Amazon "…takes intellectual property

infringement seriously, and "If we receive more complaints about your listings, we may take further action **up to and including not allowing you to sell to Amazon**." (Emphasis supplied).

19. Sound Around responded by filing an action in this district against Keenray and others, under case no. *Sound Around Inc. v. Shenzhen Keenray Innovations Limited et al* Civil Action No.: 1:22-cv-06943(HG) ("the Pending Action"), asserting that the '810 patent has been fraudulent procured and is invalid and unenforceable. In addition, Keenray's actions have egregiously and irreparably damaged the good will that Sound Around has worked hard and has achieved in relation to the mention product represented by the Amazon B0961BDJPX ASIN number.

20. Responsive to the filing of the Pending Action and other information provided by Sound Around, Amazon retracted the delisting of the SA Towel Warmer and restored it to the Amazon selling portal, where it has been enjoying brisk sales since being restored to the Amazon selling portal.

21. Ostensibly, there are other China-based entities and individuals that are obsessed with trying to delist the SA Towel Warmers from the Amazon selling portal, including at least the Defendants Global-Proton LLC "Global" and Steven Johnson ("Mr. Johnson"), as more specifically explained below.

22. In July 2023, Amazon notified Sound Around as follows:

Hello,

We received a report from a rights owner that claims the items at the end of this email infringe their utility patent rights. We consider allegations of intellectual property infringement a serious matter. We have provided the rights owner's contact information below:

-- Steven
-- steven@global-proton.com
-- Patent number: 8481895

Please work directly with the rights owner to resolve this dispute. We encourage you to resolve this dispute promptly. Failure to do so may result in removal of your offers or your Amazon.com selling privileges.

ASIN: B09Y299Q8Q
Title: SereneLife Bucket Towel Wamers, with Customized Fragrance for Spa and Bathroom, Luxury Towel Heater Gifts for HIm & Her, Auto Shut off, Fits 2 large Towels, Blankets, Bathrobes, PJ's (Black)

Complaint ID: 13239575821

Sincerely,
Seller Performance Team
Amazon.com
http://www.amazon.com

23. Later, Global caused Amazon to expand to additional ASINs of Sound Around as shown below:

> ---------- Forwarded message ---------
> From: **Amazon** <no-reply-notice-outreach@amazon.com>
> Date: Mon, Jul 10, 2023 at 9:39 AM
> Subject: Information regarding your Amazon Account
> To: <gepsalesus@gmail.com>
>
> Hello,
>
> We received a report from a rights owner that claims the items at the end of this email infringe their utility patent rights. We consider allegations of intellectual property infringement a serious matter. We have provided the rights owner's contact information below:
>
> -- Steven
> -- steven@global-proton.com
> -- Patent number: 8481895

> Please work directly with the rights owner to resolve this dispute. We encourage you to resolve this dispute promptly. Failure to do so may result in removal of your offers or your Amazon.com selling privileges.
>
> ASIN: B0B7TT5DQJ
> Title: SereneLife Single Touch Towel and Blanket Warmer with Fragrant Disc Holder and LED Ring Red, Perfect Size for Two Large Bath Towels, Automatically Shut off Feature (Cherry)
> ASIN: B0BM4Z7K8G
> Title: SereneLife Luxury Warmer Bucket Style-White Large Portable Spa Blanket Heater for Bathroom, Auto Shut Off, Fits Up to Two Oversized Towels, Bathrobe, Throw Pillow, PJ, Clothes
> ASIN: B09Y299Q8Q
> Title: SereneLife Bucket Towel Wamers, with Customized Fragrance for Spa and Bathroom, Luxury Towel Heater Gifts for HIm & Her, Auto Shut off, Fits 2 large Towels, Blankets, Bathrobes, PJ's (Black)
>
> Complaint ID: 13249689201
>
> Sincerely,
> Seller Performance Team
> Amazon.com
> http://www.amazon.com

24. Sound Around determined that an alleged "rights holder" contends to Amazon that Sound Around's SA Towel Warmers infringe upon U.S. utility patent No. 8,481,895 ("the '895 Patent").

25. The records of the U.S. Patent and Trademark Office ("PTO") indicate that the ownership of the '895 Patent was transferred, on June 23, 2023, from the prior registered owner, Heatwave, LLC ("Heatwave"), to the Defendant herein Global-Proton, LLC, which is the defendant Global in this action.

26. From email communications with the "Steven" identified by Amazon, Sound Around learned that Steven is allegedly an individual named Steven Johnson, who wrote to Sound Around's IP counsel Max Moskowitz, as follows:

> From: Steven Jonson [mailto:steven@global-proton.com]
> Sent: Tuesday, July 11, 2023 4:24 PM
> To: Max Moskowitz <mmoskowitz@ostrolenk.com>
> Subject: Re: 2853-1 Re: US patent no. 8481895
>
> Hi Max Moskowitz,
>
> I'm Steven Johnson and I'm the manager of Global Proton. I am not Michael Brandt. He is our patent attorney.
>
> We are not patent trolls, our designers are designing patent products.
>
> May I ask which company you represent? I have spoken to my lawyer about this. After he understands the situation, he will contact you.
>
> Steven

27. I am informed that the records of the PTO reveal a trademark filing in June 2023 that discloses that the Defendant Global is Chinese LLC located at 100N Ashley Dr, Suite 600 Tampa, Florida 33602, as indicated below:

| | |
|---|---|
| **Word Mark** | **GLOBAL PROTON** |
| **Goods and Services** | IC 011. US 013 021 023 024 031 034. G & S: LED flashlights; Electric towel warmers |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 98043419 |
| **Filing Date** | June 15, 2023 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) **Global Proton** LIMITED LIABILITY COMPANY CHINA 100N Ashley Dr Suite 600 Tampa FLORIDA 33602 |
| **Attorney of Record** | Michael Brandt |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

28. Global has a web page viewable at www.global-proton.com and is advertising, *inter alia*, the '895 Patent as shown below:



29. From the website of Global, it appears that, currently, the only business of Global is to enforce the '895 Patent. Otherwise, Global has thus far no products and no services from which it derives any revenues, whatsoever.

30. The Patent Laws impose on patent applicants and owners, and upon their attorneys and representatives a "duty of candor and good faith". See 37 C.F.R. 1.56.

31. Making false and material statements to the PTO amounts to "inequitable conduct," which includes: "affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." (As set forth in <u>Purdue Pharma L.P. v. Boehringer Ingelheim GMBH</u>, 237 F.3d 1359, 1366, 57 USPQ2d 1647, 1652 (Fed.Cir.2001)).

32. In fact, the '895 Patent expired on July 10, 2021 owing to its then owner's, Heatwave's, failure to pay the required maintenance fee, which was due not later than July 9, 2021.

33. On information and belief, Heatwave knew that the maintenance fee on the '895 Patent was due as set forth above, and consciously and deliberately opted not to pay it, knowing and understanding that the failure to pay the required fee will cause the '895 to lapse and EXPIRE forever.

34. On information and belief, long prior to 2021 and as early as 2018, Heatwave lost interest in the product described in the '895 Patent, as reflected in the records of U.S. trademark registration no. 3,428,792, which Heatwave proactively chose to abandon and to become CANCELLED, as per the details that are shown below:

| | |
|---|---|
| **Word Mark** | TOWELSPA TOWEL WARMER |
| **Goods and Services** | (CANCELLED) IC 011. US 013 021 023 031 034. G & S: **Electric devices for warming various articles in the nature of electric towel warmers, electric clothing warmers,** electric sheet warmers, electric blanket warmers, and electric shoe warmers. FIRST USE: 20071201. FIRST USE IN COMMERCE: 20071201 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 01.15.05 - Smoke ; Steam ; Vapor<br>26.17.02 - Bands, wavy ; Bars, wavy ; Lines, wavy ; Wavy line(s), band(s) or bar(s) |
| **Trademark Search Facility Classification Code** | INAN Inanimate objects such as lighting,clouds,footprints,atomic configurations,snowflakes,rainbows,flames<br>SHAPES-BAR-BANDS Designs with bar, bands or lines |
| **Serial Number** | 78966879 |
| **Filing Date** | September 5, 2006 |
| **Current Basis** | 1A |

| | |
|---|---|
| **Original Filing Basis** | 1B |
| **Published for Opposition** | September 25, 2007 |
| **Registration Number** | 3428792 |
| **Registration Date** | May 13, 2008 |
| **Owner** | (REGISTRANT) **HEATWAVE, LLC LIMITED LIABILITY CORPORATION OHIO 812 HURON ROAD SUITE 240 CLEVELAND OHIO 44115** |
| **Attorney of Record** | Brian E. Turung |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TOWEL WARMER" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | DEAD |
| **Cancellation Date** | December 14, 2018 |

35. Indeed, the attorney representing Heatwave has, over the course of many years, filed to register about ninety (90) trademarks on behalf of several entities located at the same suite "No.240", located at the same address: 812 Huron Road, Cleveland, Ohio, and <u>all of them</u> have been allowed to lapse, which, on information and belief, indicates that Heatwave is for all intents and purposes a non-operating entity, at least since 2018.

36. On information and belief, the Defendants Global and Mr. Johnson, and the entities/individuals John Doe 1 and John Doe 2, in active concert and participation, conspired to revive the abandoned and EXPIRED '895 Patent, including by contacting Heatwave and/or

others connected with Heatwave, and persuading them to file a fraudulent petition at the PTO to re-instate the '895 Patent, by falsely representing to the PTO that the abandonment and expiration of the '895 Patent was "UNINTENTIONAL" (knowing the same to be brazenly false and incorrect).

37. Thereby, blinded by the monies and/or other monitory promises, Heatwave falsely revived the '895 Patent based on a petition to the PTO to revive the patent that Heatwave filed in June of 2023. This petition is of a type that the PTO accepts automatically without any proof of the veracity of the truth of the statements therein, accepting that the abandonment was "unintentional," and leaving it the Judicial branch of the U.S. Government to resolve the veracity and/or appropriateness of the Petition allegations.

38. Regardless, the conspiratorial actions of Global, Mr. Johnson and/or others that restored the '895 Patent were done with a specific aim of being able to lodge a complaint at Amazon against primarily Sound Around, at the behest and for the benefits of the, of yet, unidentified defendants John Doe 1 and John Doe 2.

39. On information and belief, Global's infringement complaints to Amazon have been aimed and targeted MAINLY at Sound Around towel warmers and also warmers being sold by Sound Around's vendor for these products, namely, a Chinese company called Goldenhot that is identified in and is a party in the Pending Action.

40. Notably, and upon information and belief, while warmers identical to ones sold by Sound Around are also sold on Amazon by the Defendant Keenray (identified in the Pending Action), none of the IDENTICAL Keenray towel warmers have been targeted by Global, evidencing that the John Does referenced in this action are very likely affiliated with Keenray (the Chinese entity that has been actively trying to delist the Sound Around towel warmers).

41. Defendant Amazon's warning to Sound Around, including that it might delist the accused SA Towel Warmers, are misguided and grossly unfair and driven by Amazon having been misled and deceived that the '895 is a valid and enforceable patent, when, in fact, that patent has EXPIRED on July 10, 2021 and then been fraudulently reinstated by Heatwave, in active concert and participation with the Global and John Doe Defendants.

42. On information and belief, there is no record in China of any business entity Global Proton LLC having been formed.

43. On information and belief, the Defendant Steven Johnson (who other records indicate also uses the name "Steven Jonson") may not actually identify an individual by that legal name, not in the U.S. or in China.

44. To date, Global has not withdrawn its complaint to Amazon about the alleged infringement of the '895 Patent, despite its constructive knowledge that the '895 Patent is invalid and unenforceable.

45. Therefore, the overall effect of the Global and Mr. Johnson's fraudulent actions have placed Sound Around's entire relationship with Amazon at grave risk, and that conduct threatens irreparable damage to Sound Around's ability to offer and sell HUNDREDS of Sound Around's products to consumers who shop on Amazon.

46. The accused SA Towel Warmers are so constructed that they lack one more of each of the independent patent claims of the '895 Patent.

47. The claims if any of the '895 Patent that are applicable to the SA Towel Warmers are invalid in view of and over prior similar towel warmers existing and/or described in the prior art.

## COUNT I

**Sound Around's SA Towel Warmers Do Not Infringe on Global's '895 Patent –
No Infringement of the Patent in Violation of 35 U.S.C. § 271**

48. This is an action for Declaratory Judgment that Sound Around's sale of its towel warmer products do not infringe on any patent rights of Global, specifically, U.S. Patent No. 8,481,895.

49. Sound Around repeats and realleges the averments contained in the preceding Paragraphs of this Complaint as if fully set forth herein.

50. The SA Towel Warmers do not include at least one element of the patent claims of the '895 Patent, which elements will be identified once Global first identifies which patent claims it alleges are being infringed by the subject SA Towel Warmers.

51. The patent claims of the '895 Patent, not as yet identified by Global, alleged to being infringed by the SA Towel Warmers, are invalid over the prior art including because their mechanical structures are those that existed in the prior art that precedes the filing date for the application that resulted in the '895 Patent.

52. The Global Defendants knew that the '895 Patent had expired and could only be revived if the abandonment thereof was truly UNINTENTED. In the case of the '895 Patent, the abandonment was deliberate, knowing and based on the fact that Heatwave had no further interest in maintaining either the registered trademark nor the '895 Patent pertaining thereto. The submission of the Petition to resurrect the '895 Patent was based on the false statement that the abandonment in 2021 was unintended was false, incorrect and intended to misled and deceive the PTO. Hence, the '895 Patent is both invalid and unenforceable.

53. The Global Defendants further perpetuated their fraud by asserting to Amazon that Sound Around's SA Towel Warmer infringes the '895 Patent. This resulted in Amazon

warning Sound Around that its SA Towel Warmer will be imminently delisted from the Amazon selling portal.

54. Also as a result, Amazon warned Sound Around that should any other allegations of infringement be directed at products offered by Sound Around, then Sound Around could be barred from offering <u>any</u> products on Amazon. Sound Around's Amazon storefronts could be shuttered, and Sound Around would not be able to sell to Amazon's customers.

55. By reason of the foregoing, Sound Around is suffering and will continue to suffer irreparable harm from the Global Defendants' fraudulent acts, in the manner set forth above, unless a Declaratory Judgment issues that Sound Around does not infringe the '895 Patent. Sound Around is also entitled to a declaratory judgment that the '895 Patent is invalid and/or unenforceable under one or more provisions of 35 U.S.C. §§ 102 and 103.

56. Also by reason of the foregoing, Sound Around is suffering and will continue to suffer irreparable harm, unless and until the Court directs the Global Defendants to withdraw Global's complaint to Amazon.

## COUNT II

### Unfair Competition in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) and Common Law

57. The Global Defendants' acts of directing Amazon to delist Sound Around's products on the basis of alleged patent infringement, even though they knew that they obtained the '895 Patent through fraud, constitutes a violation of the Lanham Act. See *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353-54 (Fed. Cir. 1999), holding that a bad faith infringement allegation supports a Lanham Act cause of action for unfair competition.

58. Sound Around repeats and realleges the averments contained in the preceding Paragraphs of this Complaint as if fully set forth herein.

59. The '895 Patent is invalid because it was proactively, knowingly and deliberately abandoned by its prior owner.

60. By asserting the '895 Patent against Sound Around, despite their knowledge that the patent has been previously deliberately allowed to lapse, the Global Defendants made false statements to Amazon that were designed to injure Sound Around's reputation and standing with Amazon.

61. The Global Defendants have made it clear that the intent of their false patent infringement claims is to force Sound Around to vacate the field of selling any and all towel warmers to benefit Global, and more probably the John Doe's 1 and 2 who, on information and belief, hired Global's services to knock out Sound Around from the Amazon selling portal.

62. The Global Defendants' false allegations of patent infringement by Sound Around amount to unfair competition under the Federal Lanham Act.

63. By reason of the foregoing, Sound Around is suffering and will continue to suffer irreparable harm, unless and until the Court enjoins the Global Defendants' activities and directs them to withdraw Global's complaint from Amazon and to account and pay to Sound Around all its damages that it has suffered, including attorneys' fees for reckless statements to Amazon that have resulted in harm to Sound Around.

## COUNT III

### Tortious Interference with Existing and Potential Business Relationships

64. This is a claim for tortious interference with existing and potential business relationships under New York State law.

65. Sound Around repeats and realleges the averments contained in the preceding Paragraphs of this Complaint as if fully set forth herein.

66. Defendants' actions, as described herein, including misrepresenting to Amazon that Sound Around's towel warmer product infringes upon Global's fraudulently procured, invalid '895 Patent has harmed Sound Around's selling relationship with Amazon by (a) effectively causing the imminent removal from Amazon of Sound Around's SA Towel Warmer products, and (b) putting Sound Around at risk of its Amazon stores being permanently closed as a result of legally false infringement complaints, and (c) hindering the continued sale and positive review of the SA Towel Warmer products by Amazon customers so that, even if the listing were restored, it would be at a disadvantage to similar products offered by Sound Around's competitors.

67. In making these false statements to Amazon, the Global Defendants intended to harm, and have, in fact, irreparably harmed Sound Around's reputation with Amazon and Amazon's customers.

68. Sound Around has lost valuable selling opportunities as a direct and proximate result of the Global Defendants' acts.

69. By reason of the foregoing, Sound Around has suffered, and will continue to suffer, severe irreparable harm from which there is no adequate remedy at law.

70. Sound Around is entitled to the imposition of a preliminary and permanent injunction against the Global Defendants, to restrain and enjoin them and their agents, and those acting in concert and participation with them, from further tortiously interfering with the Plaintiff's business relationship with Amazon.

71. By reason of the foregoing, Plaintiff is entitled to an award of damages from Defendants in an amount to be determined at trial.

72. Defendant's aforesaid acts are of such wanton, willful and malicious nature, that Sound Around is entitled to an award of punitive damages in an amount to be determined at trial, in order to punish the Global Defendants and deter others similarly situated from committing such acts in the future.

73. Also by reason of the foregoing, Sound Around is suffering and will continue to suffer irreparable harm, unless and until the Court directs the Global Defendants to withdraw Global's complaint to Amazon.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Sound Around prays that judgment be entered:

A. Declaring that Sound Around's SA Towel Warmers do not infringe upon any patent rights of Defendants, namely, U.S. Patent No. 8,481,895;

B. Declaring U.S. Patent No. 8,481,895 invalid and unenforceable;

C. Granting Sound Around preliminary and permanent injunctive relief against the Global Defendants, including without limitation enjoining them from requesting

        that Amazon and others delist, block, or remove any of Plaintiff's products on the basis of IP infringement;

D. Ordering the Global Defendants to inform Amazon that Global's complaints against Sound Around are withdrawn, and that Amazon should maintain listed the Sound Around SA Towel Warmers;

E. Ordering Amazon, in the event that the Global Defendants fail to comply with a Court Order (as set forth in the preceding paragraph) to withdraw the Global Defendants' allegation of infringement against Sound Around, to continue to list the Sound Around ASINs for the SA Towel Warmer products;

F. For actual damages in such amount as may be found, or otherwise permitted by law.

G. For an accounting of and the imposition of a constructive trust with respect to the Global Defendants' sales on Amazon, if any, to capture the gains secured by and through Defendants' fraudulent activity.

H. Declaring Plaintiff as the prevailing party, and this case as exceptional, and awarding to Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285 or any other applicable statute or law.

I. That the Global Defendants be ordered to pay all fees, expenses, and costs associated with this action;

J. That Defendants be required to pay trebled damages because this is an exceptional case; and

K.      Ordering that Sound Around be granted such other and further relief as the Court may deem just and proper.

Dated:  July 18, 2023                                  Respectfully submitted,

/s/Max Moskowitz
Max Moskowitz
E-mail: mmoskowitz@ostrolenk.com
Paul Grandinetti
E-mail: pgrandinetti@ostrolenk.com
OSTROLENK FABER, LLP
845 Third Avenue, 17th Floor
New York, New York 10022
Telephone: (212) 596-0500
Facsimile: (212) 382-0888

*Attorneys for Plaintiff*