# RULE 26(f) REPORT

November 14, 2023

**Case No.:** 1:23-cv-05429-MKB-SJB    **Date of Initial Conference:** at 12:30 p.m.

**Plaintiff(s):**    Sound Around, Inc.

**Defendants(s):**   Global-Proton LLC, Steven Johnson, Heatwave, LLC, Amazon.com, Inc., John Doe 1 and John Doe 2.

## Phase 1 Discovery

*Phase 1 discovery entails reciprocal and agreed upon document production and other discovery necessary for a reasoned consideration of settlement.*

1. Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: November 27, 2023 . *See* Fed. R. Civ. P. 26(a)(1)(C) ("Unless otherwise agreed upon, the date for completion will be 14 days following the Rule 26(f) conference.").

   (Alternatively, of because of the nature of the case, initial disclosures are not required check here: _____ ).

2. Date for exchange of discovery necessary for reasoned consideration of settlement: January 8, 2024. (This includes, where appropriate, executions of HIPAA records authorizations. Presumptively 60 days after initial conference).[1]

3. Settlement Conference and Mediation

   a. Option 1: Date for initial settlement conference: January 22, 2024 . (The parties should propose a date approximately 10-15 days after the completion of document exchange. Should the settlement conference be adjourned for any reason, the parties must still proceed forward Phase 2 discovery, unless the parties make a motion and the Court grant the extension of the existing deadlines.)

   b. Option 2: The parties wish to be referred to the EDNY Mediation Program for mediation to be completed in the next 60 days: _____.

---

[1] Should the parties not agree or absent a court order to the contrary, following the initial conference, the presumptive dates shall constitute the Rule 16 scheduling order in this case.

## Phase 2 Discovery

*Phase 2 discovery is post-settlement conference discovery that takes the parties to dispositive motion practice.*

1. Because this is an appeal from final agency action, discovery is not required because the parties because intend to move directly to dispositive motion practice after the production of the certified administrative record. If so, please check here: \_\_\_\_, and proceed to Question 10. Otherwise, proceed to Question 2.

2. Time for amendment of the pleadings to add claims or join additional parties: <u>February 6, 2024</u>. (*Presumptively 15 days post settlement conference.*)

3. If additional interrogatories beyond the 25 permitted under the federal rules are needed, the maximum number permitted by plaintiff(s) <u>10</u> and defendant(s) <u>10</u>.

4. Number of depositions by plaintiff(s) of: <u>4</u> parties; <u>4</u> non-parties.

5. Number of depositions by defendant(s) of: <u>4</u> parties; <u>4</u> non-parties.

6. Will any independent medical examinations (IMEs) be conducted? YES/**NO**. Time frame for any IMEs (or describe if additional recovery or surgical intervention required before IMEs can be scheduled):

7. Date for completion of fact discovery: <u>June 21, 2024</u>. (*Presumptively 5 months after settlement conference.*)

8. Number of expert witness of plaintiff(s): <u>0</u> medical; <u>2</u> non-medical. Date for exchange of expert report(s): _____.

9. Number of expert witness of defendant(s): <u>0</u> medical; <u>2</u> non-medical. Date for expert report(s): _____.

10. Date for completion of expert discovery: <u>September 20, 2024</u>. (*Presumptively 30 days following the final exchange of expert reports*).

11. Final date to take the first step in dispositive motion practice: <u>October 21, 2024</u>. (*Parties are directed to consult the District Judge's Individual Rules regarding such motion practice. Presumptively 30 days post completion of expert discovery*).

12. Contemplated dispositive motions:

    a. Plaintiff(s): a. Summary Judgment of Patent Invalidity and Unenforceability
       b. Summary Judgment of Non-Infringement

2

b. Defendant(s): Summary Judgment of Infringement

13. Have counsel discussed the existence of electronically stored information, and discussed the location and production of such information, as required by Rule 26? (YES)/NO. Have the parties entered into an ESI protocol? YES/(NO). Alternatively, if no ESI protocol is necessary because of the limited amount of ESI in the case: _____ ).

14. Date for submission of any protective order for Court approval: December 8, 2023

15. Details on Rule 26(f) meeting

    a. Date meeting held:

    b. Plaintiff(s)' representative(s) who participated:

    c. Defendant(s)' representative (s) who participated:

16. For cases where basis of subject matter jurisdiction is diversity:

    a. Is any party an LLC or partnership? YES/NO. If yes, list all members of LLC or partnership and their respective states of citizenship:

    b. Citizenship of each plaintiff:

    c. Citizenship of each defendant:

17. Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C § 636(c)? YES/(NO) *(Answer no if any party declines to consent without indicating which party has declined.)*

18. Please list counsel for each side that will be appearing at the initial conference:

    Plaintiff: Max Moskowitz

    Defendants: Armin Ghiam

3

# ADDENDUM TO CASE MANAGEMENT PLAN

RULE 6. Disclosure of Asserted Claims and Infringement Contentions

**December 22, 2023**

RULE 7 Disclosure of Invalidity Contentions

**February 6, 2024**

Markman Hearing Schedule: From May 2, 2024 to July 24, 2024

|  |  |
|---|---|
| Parties to identify terms to be construed: | **March 21, 2024** |
| Parties opening briefs: | **April 15, 2024** |
| Parties rebuttal briefs, if any: | **April 30, 2024** |
| Submission to court for decision: | **May 10, 2024** |